WMK

MICHAEL JAY GREEN   4451
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
     Fax: (808) 566-0347

GLENN UESUGI   4865
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
     Fax: (808) 566-0347

Attorneys for Plaintiffs
 JANE DOE, Individually and as
 Next Friend of JOHN DOE, a minor

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 AUG 26 AM 11: 03

F. OTAKE
CLERK

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| JANE DOE, Individually and as Next Friend of JOHN DOE, a minor; RICHARD ROE 1, Individually and on behalf of JANE ROE 1, a minor; RICHARD ROE 2 and MRS. RICHARD ROE 2, Individually and on behalf of JANE ROE 2, a minor; all Individually and on behalf of a class of persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF HAWAII, SCOTT O'NEAL, SYDNEY DICKERSON, and JOHN DOES 1-10, <br><br> Defendants. | CIVIL NO.  11-1-1712-08 (GWBC) <br> (Other Non-Vehicle Tort) <br><br> FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

## FIRST AMENDED COMPLAINT

Plaintiffs, for a claim for relief against Defendants above named, allege:

I do hereby certify that this is a full, true, correct copy of the original on file in this office.

COUNT I

1.      Plaintiffs, at all relevant times, were students at the Hawaii Center for the Deaf and the Blind (hereinafter "the school") or parents of such students.

2.      Plaintiff students are minors and are deaf.

3.      Plaintiff parents are parents of students and file this action individually and as Next Friend on behalf of their children.

4.      Plaintiffs file this action on behalf of a class of persons who are similarly situated.

5.      The victimized students are deaf and some have other impairments which constitute disabilities under Federal and State law.

6.      The State of Hawaii operates the school known as the Hawaii Center for the Deaf and the Blind.

7.      At all relevant times, Sydney Dickerson was the administrator of the school and an employee of the State acting within the scope of her authority.

8.      At all relevant times, Scott O'Neal was a counselor at the school and an employee or de facto employee with apparent authority at the school.

9.      The Defendants named in this Complaint under the names of JOHN DOES 1-10 (hereinafter "DOE DEFENDANTS") are persons, organizations or entities whose identities at the present time are unknown to Plaintiffs despite the exercise of due diligence.  They are sued in this Complaint under fictitious names.  Investigation as to the true identities was conducted by Plaintiffs by reviewing the documents available to them.  Investigation as to the identity of DOE DEFENDANTS continues.  Plaintiffs are informed and believe and thereupon allege that direct or indirect conduct of these other Defendants, presently unknown to Plaintiffs, was or may have been a legal cause of the acts complained of and/or the injury, damage or loss thereby sustained

by Plaintiffs, as a result of which all Defendants, unidentified and identified, may be jointly and severally liable to Plaintiffs for the said injuries and losses sustained, inasmuch as the conduct of each Defendant may have coincided and/or concurred with that of each and every other Defendant, named or unnamed.   John Does 1-10 may be responsible as principal for the conduct of an agent.

10.     Plaintiffs bring this action both individually and on behalf of a class.  The members of the class are students who, within the period of the applicable statute of limitations, attended the school and were sexually assaulted by other students of the school.

11.     The class is so numerous (approximately 35 victims of sexual abuse) that joinder of all members of the class is impracticable.

12.     The claims of Plaintiffs are typical of the claims of the class.

13.     Plaintiffs will fairly and adequately protect the interests of the class.

14.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants.

15.     Defendants have acted on grounds generally applicable to members of the class.

16.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17.     The class members are similarly situated in that Defendants' omissions and efforts to cover up numerous incidents of abuse caused harm to Plaintiffs and the class members in a similar fashion.

18.     Questions of law and fact common to members of the class predominate over any questions affecting only individual class members.

3

19.   Questions of law and fact are common to the class, including the legal obligations and conduct of Defendants and their efforts to cover up what was happening at the school.

20.   The claims of the Plaintiffs and the class members are common because all of the students suffered the same injury, namely sexual abuse, and all of the parents suffered anguish as a result of the sexual abuse of a child.

21.   Defendants covered up and attempted to cover up in the same general fashion as to all of the class members what was happening at the school, including through threats.

22.   Class members were injured in the same general fashion, namely through sexual abuse committed by fellow students that took place because of Defendants' failure to provide a safe educational environment.

23.   Defendants owed a duty to Plaintiffs and the class members adequately to supervise the students in their charge.

24.   Students were required by law to attend school.

25.   There was a special relationship between Defendants and both the offending students and their victims.

26.   For many years, the school has had a problem with certain students, some of whom called themselves the "Ringleaders," who on an ongoing basis, bullied, terrorized, assaulted, robbed, sodomized, raped, anally raped, gang raped, and/or sexually attacked students who were younger and smaller, including Plaintiff John Doe.

27.   Some of the Ringleaders lived at the school and the school stood in loco parentis as to those students.

28.   The school knew or should have known that the Ringleaders and the students who assaulted Plaintiff John Doe and the class members had a history of assaults, threatening,

bullying, and violent behavior and posed a threat to the safety and well-being of Plaintiffs and the class members.

29.     Under the totality of the circumstances presented, Defendants should have reasonably foreseen the possibility that Plaintiffs and the class members would be injured or suffer harm.

30.     The school, including its administrator (Sydney Dickerson), and its counselor (Scott O'Neal), had actual knowledge and certainly had reason to know of the wrongful activities of the Ringleaders, including the bullying, coercion, and coerced sexual acts.

31.     The Ringleaders were allowed to continue to attend the school even though Defendants received reports concerning their wrongful acts and had reason to know that the wrongful acts were recurring.

32.     At various times, members of the Ringleaders admitted to school officials and counselors, including O'Neal, that they had in fact harmed and assaulted other students.

33.     In approximately 2007, Dickerson was informed that boys were being assaulted and raped by other boys at the school, including on the school grounds.

34.     The superintendent of the Department of Education and Sydney Dickerson were informed of coerced sexual acts.

35.     In April, 2009, a counselor at the school became aware of the fact that a deaf student at the school other than Plaintiff had been intimidated into sexual acts with five boys at the school, believed to be Ringleaders.

36.     In May, 2009, a mother of a student at the school wrote an employee of the Department of Education reporting that her son had been intimidated into sexual activity with several boys.

37.     By June, 2009, the chairman of the Board of Education had been notified of a sexual assault at the school.

38.     A young girl at the school became pregnant, which was known to school officials.

39.     The Ringleaders coerced students into doing what the Ringleaders wanted by threats of violence and sexual attack, including sodomy and rape.

40.     Under coercion by the Ringleaders, John Doe was forced to surrender to them various items of property, including clothing and video games.

41.     The Ringleaders threatened that if John Doe did not provide them with what they wanted, he would be harmed and sexually assaulted.

42.     At times when John Doe had nothing to provide the Ringleaders, they proceeded to fulfill their threats and engaged in sexual acts with John Doe, including on school property.

43.     Students, including Plaintiff John Doe, were coerced into submitting to anal sex with multiple members of the Ringleaders.

44.     As a result of the mistreatment Plaintiff John Doe was receiving at the school, Plaintiff begged his mother not to require him to return to the school.

45.     The Ringleaders' activities were directed against not only Plaintiff John Doe but against various other class members at the school, and Defendants had actual or constructive knowledge of what was going on.

46.     Sexual assaults on students, including Plaintiff John Doe, occurred in the school's bathroom, the indoor swimming pool area, and the woodshop.

47.     Scott O'Neal himself engaged in inappropriate and questionable activities with students at the school, including having them stay with him overnight.

48.     Out of malice and an improper purpose, Defendants at times concealed and

conspired to conceal what was going on, and negligently, recklessly, and intentionally failed to take effective action to stop the wrongful activities.

49.    Defendants negligently or recklessly failed adequately to monitor bathrooms and other areas where the Ringleaders engaged in an ongoing practice of coercing other students into sexual acts.

50.    Defendants failed to notify appropriate authorities, including the police, on a timely basis.

51.    At certain times, Defendants failed to advise parents of victimized students, including Plaintiff Jane Doe, and failed to advise the police concerning what was happening.

52.    Defendants conspired with each other to use threats, intimidation and retaliation to discourage reporting by teachers and parents of the improper activities at the school.

53.    Defendants' response to reports of sexual assaults and inappropriate conduct at the school was clearly unreasonable in the light of circumstances known to the school and its representatives.

54.    Defendants followed a common policy in which they attempted to cover up the pattern of sexual abuse that was occurring at the school, including by advising parents that if they reported what had happened, the school would be closed and members of the deaf community would view the parents and their children negatively.

55.    Defendants failed to adopt appropriate policies and procedures addressing such matters as problem students, supervision, monitoring both students and school properties, and eliminating risks to students.

56.    When Defendants failed to take effective action to stop the wrongful conduct of the Ringleaders, the Ringleaders were emboldened and their wrongful conduct continued.

57.     At one point, a young girl on a school bus in the presence of other students was coerced into giving oral sex to a member of the Ringleaders, who filmed the act on his cell phone.

58.     The Ringleader in question then showed the video he had made to other students.

59.     The errors and omissions of the State created and resulted in a hostile learning environment for John Doe and the class members, persons with a disabilities within the meaning of the Americans with Disabilities Act.

60.     John Doe and the class members were harassed as a result of the Defendants' failures and the harassment altered the conditions of their education and created an abusive educational or learning environment.

61.     As a result of the foregoing, Plaintiffs have been excluded from participation in and/or denied benefits of the services, programs or activities of a public entity, or subjected to discrimination by a public entity, within the meaning of Title II of the Americans with Disabilities Act, U.S.C. § 12134 and the Rehabilitation Act.

62.     Plaintiffs were otherwise qualified for benefits that were denied.

63.     Plaintiffs were denied benefits by reason of their disabilities.

64.     The ability of Plaintiffs and the members of the class to engage in a major life activity, namely learning, was substantially limited because they were deaf or otherwise impaired with a disability.

65.     The State was deliberately indifferent to the harassment of John Doe and the class members.

66.     The State of Hawaii received federal financial assistance sufficient to mandate compliance with federal law.

67.   To the extent any of the wrongful acts occurred outside of the period of any potentially applicable statute of limitations, Plaintiffs did not discover and, in the exercise of reasonable diligence, could not have discovered the claims alleged herein until within the permissible period for the filing of this action and the existence of the claim was concealed fraudulently by Defendants.

68.   The actions of Defendants were negligent, grossly negligent, reckless, intentional, malicious, and motivated by an improper purpose.

69.   As a result of the negligent, intentional, and wrongful acts of Defendants alleged above, Plaintiffs and the class members suffered grievous and extreme physical and emotional injuries, humiliation, embarrassment, and pain, and said injuries will continue into the future, causing general and special damages, including relocation costs and medical bills, in an amount to be shown at trial.

70.   Plaintiffs are entitled to an award of exemplary or punitive damages against the Defendants.

COUNT II

71.   Plaintiffs repeat and reallege each of the above allegations.

72.   The actions of Defendants were outrageous and inflicted severe and extreme emotional distress upon Plaintiffs, as well as physical injury upon Plaintiff John Doe.

COUNT III

73.   Plaintiffs repeat and reallege each of the above allegations.

74.   The actions and omissions of Defendants violated the Rehabilitation Act of 1973, including Section 504, 29 U.S.C. § 701, 705, 794, and 794a.

COUNT IV

75.    Plaintiffs repeat and reallege each of the above allegations.

76.    The actions and omissions of Defendants violated the Americans with Disability Act, including Title II and 42 U.S.C. § 12101 et. seq.

COUNT V

77.    Plaintiffs repeat and reallege each of the above allegations.

78.    By virtue of the foregoing, Defendant violated Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 et. seq.

79.    The actions and omissions of Defendants had a substantial negative effect on the ability of the students to receive an education.

80.    The actions and omissions of Defendants altered the conditions of the education of the students and created an abusive educational environment.

COUNT VI

81.    Plaintiffs repeat and reallege each of the above allegations.

82.    The actions and omissions of Defendants violated the Individuals with Disabilities Act, Section 20 U.S.C. § 1400 et. seq.

COUNT VII

83.    Plaintiffs repeat and reallege each of the above allegations.

84.    The errors and omissions of Defendants and their representatives were done under color of State law and deprived Plaintiffs and the class members of rights, privileges, and immunities secured by the United States Constitution and/or Federal law, including the due process right to life and liberty.

85.    The conduct of Defendants and their representatives violated clearly established statutory or constitutional rights of Plaintiffs and the class members.

86.     The errors and omissions of Defendants violated 42 U.S.C. § 1983.

COUNT VIII

87.     Plaintiffs repeat and reallege each of the above allegations.

88.     The actions and omissions of Defendants violated various provisions of the Constitution and Statutes of the State of Hawaii, including provisions regarding education and persons with disabilities, including Haw. Const. Art. X, Sec. 1, H.R.S. § 302 A-436, 302 A-1001, and 302 A-1002.

COUNT IX

89.     Plaintiffs repeat and reallege each of the above allegations.

90.     Plaintiffs are entitled to prohibitory and mandatory injunctions precluding Defendants from continuing to engage in the wrongful conduct alleged above and mandating that Defendants act reasonably to preclude further injuries to Plaintiffs and the class members.

WHEREFORE, Plaintiffs pray for an award of general, special, and punitive damages against Defendants, interest, attorneys' fees, injunctive relief, and such other relief as the Court deems just and proper in the circumstances.

DATED:  Honolulu, Hawaii, August 25, 2011.

MICHAEL JAY GREEN
GLENN UESUGI
Attorneys for Plaintiffs

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all Defendants to the extent permitted by law.

DATED:  Honolulu, Hawaii, August 25, 2011.


MICHAEL JAY GREEN
GLENN UESUGI
Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| JANE DOE, Individually and as Next Friend of JOHN DOE, a minor; RICHARD ROE 1, Individually and on behalf of JANE ROE 1, a minor; RICHARD ROE 2 and MRS. RICHARD ROE 2, Individually and on behalf of JANE ROE 2, a minor; all Individually and on behalf of a class of persons similarly situated, | CIVIL NO.  11-1-1712-08 (GWBC) (Other Non-Vehicle Tort)  SUMMONS |
| Plaintiffs, | |
| vs. | |
| STATE OF HAWAII, SCOTT O'NEAL, SYDNEY DICKERSON, and JOHN DOES 1-10, | |
| Defendants. | |

SUMMONS

To the above-named Defendants:

YOU ARE HEREBY SUMMONED and required to file with the court and serve upon Plaintiff's attorney, Michael Jay Green, whose address is 841 Bishop Street, Suite 2201, Honolulu, Hawaii  96813, an answer to the First Amended Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the First Amended Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court

permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:  Honolulu, Hawaii, _____AUG 2 6 2011_____, 2011.

_____

CLERK OF THE ABOVE-ENTITLED COURT

2