DAVID M. LOUIE                                  2162
Attorney General of Hawai'i

DEBORAH DAY EMERSON              3668
C. BRYAN FITZGERALD                   5741
Deputy Attorneys General
Hawai'i Department of the Attorney General
425 Queen Street
Honolulu, Hawai'i  96813
Telephone:  (808) 586-1180

Attorneys for Defendant
SYDNEY DICKERSON,
In Her Individual Capacity

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JANE DOE, Individually and as Next Friend of JOHN DOE, a minor; RICHARD ROE 1, Individually and on behalf of JANE ROE 1, a minor; RICHARD ROE 2 and MRS. RICHARD ROE 2, Individually and on behalf of JANE ROE 2, a minor; all Individually and on behalf of a class of persons similarly situated,<br><br>                  Plaintiffs,<br>          vs.<br><br>STATE OF HAWAII, SCOTT O'NEAL, SYDNEY DICKERSON, and JOHN DOES 1-10,<br>                  Defendants. | CIVIL NO. 11-00550 DAE KSC<br>(Other Non-Vehicle Tort)<br><br>SYDNEY DICKERSON'S OPPOSITION TO MOTION FOR LEAVE TO INTERVENE FILED BY ERIC A. SEITZ ; CERTIFICATE OF SERVICE<br><br><br>Date:  December 27, 2012<br>Time:  9:30 am<br>Judge: Hon. Kevin S.C. Chang |

| | |
|---|---|
| STATE OF HAWAII<br><br>        Third-Party Plaintiff,<br>vs.<br><br>PETER POES 1-100, PATRICIA POES 1-100, AND PARENT POES 1-100,<br><br>        Third-Party<br>        Defendants. | |
| SCOTT O'NEAL,<br><br>        Cross-Claimant,<br>vs.<br><br>STATE OF HAWAIʻI AND SYDNEY DICKERSON,<br>        Cross Claim<br>        Defendants. | |
| SCOTT O'NEAL,<br><br>        Third-Party Plaintiff,<br>vs.<br><br>ROXSANNE TOMITA,<br><br>        Third-Party<br>        Defendant. | |

**SYDNEY DICKERSON'S OPPOSITION TO MOTION FOR LEAVE
TO INTERVENE FILED BY ERIC A. SEITZ**

SYDNEY DICKERSON, in her individual capacity (hereinafter Ms.

Dickerson), by her attorneys, David M. Louie, Attorney General of Hawaii,

2

Deborah Day Emerson, C. Bryan Fitzgerald, Deputy Attorneys General, pursuant to 24(a)(2), Federal Rules of Civil Procedure, hereby submit Ms. Dickerson's OPPOSITION TO MOTION FOR LEAVE TO INTERVENE FILED BY ERIC A. SEITZ, and would show:

Eric A. Seitz (Mr. Seitz) seeks to represent an anonymous, presumably minor victim, as an intervening plaintiff in this action. However, Mr. Seitz fails to point out to the Court that he is already a counsel of record in this action.

Mr. Seitz represents a counselor at the defendant school, Third-Party Defendant ROXSANNE TOMITA[1] (hereinafter Ms. Tomita). An actual conflict exists which adversely impacts the Ms. Dickerson's interest (as well as those of each other of the parties') in a just and lawful determination of the matter.

## DISCUSSION

As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification[2].

However, as here, another may seek disqualification if there is an "ethical breach [that] so infects the litigation … that it impacts the moving

---

[1] "Mr. Seitz appeared on October 13,2011 to file " ANSWER OF THIRD-PARTY DEFENDANT ROXSANNE TOMITA" which document is incorporated herein for all purposes.
[2] *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir.1998).

party's interest in a just and lawful determination of her claims."[3].

Representing both a minor (possibly mentally disabled[4]) plaintiff as well as representing an adult charged with the infants care and counseling in the same action is unconscionable.

This brazen and contumacious violation of the rules is sufficiently severe to "call in question the fair and efficient administration of justice"[5].

The Supreme Court has noted that trial courts, when alerted by objection from one of the parties, have an independent duty to ensure that defendants receive a trial" *Wheat v. United States*, 486 U.S. 153, 161 (1988). Likewise, in *United States v. Kenney,* 911 F.2d 3165, 322 (9th Cir.1990), the Ninth Circuit affirmed a district court's decision to disqualify counsel, which was raised by the adversaries' motion. District courts in the Ninth Circuit also hold that "the Government has standing to make [a] motion for disqualification" based on an actual *or potential* conflict of interest, *United States v. Linton*, 502 F.Supp. 871, 876 (D.C.Nev.1980).

---

[3] *Colyer v. Smith,* 50 F. Supp. 2d 966 (C.D. Cal. 1999); see *Jamieson v. Slater,* No. CV 06-1524-PHX-SMM, 2006 WL 3421788 (D. Ariz. Nov. 27, 2006)

[4] Although we do not know the nature of the proposed plaintiff interveners' disabilities, the Court is asked to take judicial notice of the fact that many of the students at the defendant school suffer from handicaps in addition to their deafness and blindness.

[5] The burden established for non-client standing set up by the Supreme Court of Georgia in *Bernocchi v. Forcucci*, 614 S.E.2d 775 (Ga. 2005)

4

Attorneys may not undertake a representation in which they have a conflict of interest. Under Rule 1.7 of the Hawaii Rules of Professional Conduct ("Rules"), a conflict of interest arises when an attorney takes on a client whose representation will be directly adverse to another client.

The rules are clear:

**Rule 1.7. CONFLICT OF INTEREST: GENERAL RULE.**

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

*Rule 1.14. CLIENT UNDER A DISABILITY.*

**(a)** When a client's ability to make adequately considered decisions in connection with the representation is impaired, whether because of minority, mental disability, or for some other reason, the lawyer shall, as far as reasonably possible, maintain a normal client-lawyer relationship with the client.

**(b)** A lawyer may seek the appointment of a guardian or take other protective action with respect to a client, only when the lawyer reasonably believes that the client cannot adequately act in the client's own interest.

That these strictures were complied with is doubtful at best. Even if they were, the prejudice that such *collusive representation* engenders against Ms. Dickerson's ability to defend herself in this action makes this case of conflict the exception requiring denial…not the rule.

Wherefore, Ms. Dickerson prays that the instant motion be denied until such time as the proposed plaintiff-intervener should have proper counsel unburdened by intractable conflict.

DATED: Honolulu, Hawaiʻi, January 5, 2012.

> DAVID M. LOUIE
> Attorney General of Hawaiʻi
>
> /s/ C. Bryan Fitzgerald
> C. BRYAN FITZGERALD
> Deputy Attorney General
>
> Attorneys for Defendant
> SYDNEY DICKERSON,
> In Her Individual Capacity

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the undersigned date a copy of the above stated motion was served by first-class United States mail or electronically via CM/ECF, to the following parties at their last known address:

DENNIS K. FERM, ESQ.
OFFICE OF THE ATTORNEY GENERAL-STATE OF HAWAII
425 QUEEN ST
HONOLULU, HI 96813
   DENNIS.K.FERM@HAWAII.GOV


MICHAEL JAY GREEN, ESQ.
841 BISHOP STREET, SUITE 2201
HONOLULU, HI 96813
   MICHAELJGREEN@HAWAII.RR.COM

CARON M. INAGAKI, ESQ.
OFFICE OF THE ATTORNEY GENERAL-STATE OF HAWAII
425 QUEEN ST 2ND FLR
HONOLULU, HI 96813
   CARON.M.INAGAKI@HAWAII.GOV


RONALD N.W. KIM, ESQ.
ERIC A. SEITZ, ESQ.
DELLA A. BELATTI, ESQ.
820 MILILANI STREET, STE. 714
HONOLULU, HI 96813
   RKIM.SEITZOFFICE@YAHOO.COM
   ESEITZATTY@YAHOO.COM
   SEITZOFFICE@YAHOO.COM

JORDON JUN KIMURA, ESQ.
RANDALL K. SCHMITT, ESQ.
MCCORRISTON MILLER MUKAI MACKINNON LLP
FIVE WATERFRONT PLAZA STE 400
500 ALA MOANA BLVD
HONOLULU, HI 96813
   KIMURA@M4LAW.COM
   SCHMITT@M4LAW.COM

JOHN F. MOLAY, ESQ.
OFFICE OF THE ATTORNEY GENERAL-STATE OF HAWAII
KEKUANAO'A BUILDING
465 S KING ST RM 200
HONOLULU, HI 96813
   JOHN.F.MOLAY@HAWAII.GOV

JOHN RAPP, ESQ.
841 RICHARDS ST STE 2201
HONOLULU, HI 96813
   JOHNJRAPP@GMAIL.COM

GLENN H. UESUGI, ESQ.
841 BISHOP STREET, SUITE 2201
HONOLULU, HI 96813
   GLENN.UESUGI@GMAIL.COM

   DATED:   Honolulu, Hawai'i, January 5, 2012.

                 DAVID M. LOUIE
                 State of Hawai`i Attorney General

                 <u>/s/ C. BRYAN FITZGERALD</u>
                 C. BRYAN FITZGERALD

                 Attorneys for Defendant
                 SYDNEY DICKERSON,
                     In Her Individual Capacity