1              IN THE UNITED STATES DISTRICT COURT

2                  FOR THE DISTRICT OF HAWAII

3   JANE DOE, Individually and ) CIVIL NO. CV11-00550 DAE-KSC
    Next Friend of JOHN DOE, a )
4   minor; RICHARD ROE 1,      )
    Individually and on behalf ) Honolulu, Hawaii
5   of JANE ROE 1, a minor;    ) January 27, 2012
    RICHARD ROE 2 AND          ) 9:37 a.m.
6   MRS. RICHARD ROE 2,        )
    Individually and on behalf )
7   of JANE ROE 2, a minor;    ) MOTION FOR LEAVE TO
    all Individually and on    ) INTERVENE ON BEHALF OF
8   behalf of a class of       ) PLAINTIFF
    persons similarly situated, )
9                              )
                               )
10              Plaintiff,     )
                               )
11       vs.                   )
                               )
12  STATE OF HAWAII, SCOTT     )
    O'NEAL, SYDNEY DICKERSON,  )
13  AND JOHN DOES 1-10,        )
    ENTITIES 1-10,             )
14                             )
                Defendants.    )
15  _____)
                               )
16  STATE OF HAWAII,           )
                               )
17              Third-Party    )
                Plaintiff,     )
18                             )
         vs.                   )
19                             )
    PETER POES 1-100; PATRICIA )
20  POES 1-100, AND PARENT POES )
    1-100,                     )
21              Third-Party    )
                Defendants.    )
22  _____)
                               )
23  SCOTT O'NEAL,              )
                               )
24              Third-Party    )
                Plaintiff,     )
25

```
                              )
        vs.                   )
                              )
ROXSANNE TOMITA,              )
                              )
                Third-Party  )
                Defendants.   )
_____)
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE KEVIN S.C. CHANG**
**UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

For the Plaintiff:      GLENN H. UESUGI, ESQ.
                        841 Bishop Street, Suite 2201
                        Honolulu, Hawaii  96813


For the Third-Party     ERIC A. SEITZ, ESQ.
Roxsanne Tomita and     820 Mililani Street, Suite 714
Plaintiff               Honolulu, Hawaii  96813
Intervenor:

For the Defendant       JOHN F. MOLAY, ESQ.
State of Hawaii:        Deputy Attorney General
                        Department of the Attorney General
                        State of Hawaii
                        Civil Rights Litigation
                        425 Queen Street
                        Honolulu, Hawaii  96813


For the Defendant       RANDALL K. SCHMITT, ESQ.
Scott O'Neal:           JORDON JUN KIMURA, ESQ.
                        McCorriston Miller
                          Mukai MacKinnon, LLP
                        Five Waterfront Plaza
                        Fourth Floor
                        500 Ala Moana Boulevard
                        Honolulu, Hawaii 96813
```

```
 1

 2    For the Defendant        C. BRYAN FITZGERALD, ESQ.
      Sydney Dickerson:        Deputy Attorney General
 3                             Department of the Attorney General
                               State of Hawaii
 4                             425 Queen Street
                               Honolulu, Hawaii  96813
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20    PER DIEM COURT REPORTER:       ADRIANNE IGE KURASAKI, CSR 388
                                     P.O. Box 61992
21                                   Honolulu, Hawaii  96839
                                     (808) 294-3397
22

23

24    Proceedings recorded by digital audio sound recording,
      transcript produced by computer-aided transcription (CAT).
25
```

```
 1   FRIDAY, JANUARY 27, 2012                    9:37 O'CLOCK A.M.

 2            THE CLERK:  United States District Court for the

 3   District of Hawaii, with the Honorable Kevin S.C. Chang

 4   presiding, is now in session.

 5            Civil No. 11-550 DAE-KSC, Jane Doe, et al. versus

 6   State of Hawaii, et al.  This is a hearing on motions for

 7   leave to intervene on behalf of plaintiffs.

 8            May I have your appearances.

 9            MR. UESUGI:  Good morning, Your Honor.  Glenn

10   Uesugi on behalf of Plaintiffs.

11            THE COURT:  Morning.

12            MR. SEITZ:  Morning, Judge.  Eric Seitz on behalf

13   of Third-Party Defendant Tomita and the parties who are

14   seeking by motion today to intervene.

15            THE COURT:  Morning.

16            MR. FITZGERALD:  Morning, Your Honor.  Bryan

17   Fitzgerald appearing on behalf of Sydney Dickerson in her

18   individual capacity.

19            THE COURT:  Yes, morning.

20            MR. MOLAY:  Morning, Your Honor.  Deputy Attorney

21   General John Molay for the State.

22            MR. SCHMITT:  Morning, Your Honor.  Randall

23   Schmitt and Jordon Kimura appearing on behalf of Defendant

24   Scott O'Neal.

25            THE COURT:  Morning.
```

1              Mr. Seitz.

2              MR. SEITZ:  Judge, I've been informed by Mr. Molay

3    that with respect to the issue of the Office of Public

4    Guardian, that they are withdrawing their objection in

5    that regard.  And he can confirm that if you wish.

6              THE COURT:  Noted.

7              MR. SEITZ:  Okay.  Other than that objection,

8    which I was prepared to address and suggest some

9    alternatives, there is no real basis for any objection to

10   this motion.  All of the clients who we seek to have

11   intervene are members of the putative class and they would

12   be entitled to bring claims in their own right.

13              There are no conflicts of interest.  We have

14   established that.  And in any event, as I said in my

15   declaration, the potential for conflicts has been

16   explained to all the clients and they've all signed

17   written waivers indicating that they understand that they

18   have a right to their own individual counsel, or that they

19   would prefer to have me represent them.

20              Accordingly, there is no conflict of interest

21   whatsoever.  There's no basis, I would believe, for

22   opposing this motion and we would request it be granted.

23              THE COURT:  Mr. Molay?

24              MR. MOLAY:  State has nothing to add to its

25   written papers.

```
 1              THE COURT:  Counsel?

 2              MR. FITZGERALD:  Yeah, nothing to add.  I think

 3    it's -- the conflict's pretty obvious.

 4              THE COURT:  Well, but even if there is a potential

 5    or actual conflict, is this the time to address that

 6    conflict, given the record that we would have here?

 7              MR. FITZGERALD:  I would say the sooner, the

 8    better, Your Honor.  Any delay could only prejudice

 9    parties, counting my client.

10              MR. SEITZ:  I don't know what the conflict is, to

11    be honest with you.

12              MR. FITZGERALD:  I can outline it, Your Honor.

13              THE COURT:  Sure, go ahead.

14              MR. FITZGERALD:  Ms. Tomita is a guidance

15    counselor or was a guidance counselor at the school,

16    charged with the duty of what a guidance counselor does,

17    including dealing with the sexual assaults and allegations

18    of sexual assaults.

19              So, to represent one charged with the

20    responsibility of dealing with these issues as well as

21    those that were victimized is on its face as plain a

22    conflict as you can get.

23              MR. SEITZ:  Ms. Tomita is the person who reported

24    it.  So she's not a defendant in this case.  The

25    plaintiffs haven't sued her.  She's been brought in as a
```

1   third-party defendant, in our view, frivolously.  But it's

2   premature to address that.

3       So if the conflict allegedly is between the kids

4   who were assaulted and Ms. Tomita, there is no conflict.

5   She basically reported what she heard to the authorities,

6   and she will testify accordingly.  But that has no bearing

7   on the claims of the kids themselves.  They're not suing

8   her.  They wouldn't sue her.  And there's no indication

9   that there's any conflict therefore at all.

10       MR. FITZGERALD:  Well, it's precisely that sort of

11   collusion that we're worried about, Judge.  If you've got

12   one lawyer saying, well, don't sue the woman who has a

13   statutory reporting requirement.  Did Ms. Tomita contact

14   the police every time she heard of these assaults?  Did

15   she follow DOE protocol every time she learned of these

16   assaults?  Did she ask the right questions of the right

17   students and have a proper response to these reports?

18   These are all serious questions, not potential conflicts

19   that are waivable but actual conflicts which are not

20   waivable.

21       MR. SEITZ:  Bring them on.  You know, my client

22   has not been sued by the state.  So, for this attorney to

23   represent -- and he represents the principal who did fail

24   to do exactly what he's saying.  There's no question about

25   that.

```
 1            My client did notify the police.  My client did
 2    notify the authorities.  So, you know, bring it on.  But
 3    there is no conflict that I'm aware of.  He basically is
 4    arguing theoretically, and he knows nothing of what he
 5    speaks.
 6            MR. FITZGERALD:  Well, I think I don't have to
 7    know too much when the pleadings in the case name
 8    Ms. Tomita already.  I think that's an actual conflict,
 9    Your Honor.
10            THE COURT:  Mr. Schmitt, Mr. Kimura?
11            MR. SCHMITT:  We have nothing in addition, Your
12    Honor.
13            THE COURT:  Any last comment?
14            MR. SEITZ:  No last comment.
15            THE COURT:  The Court, having reviewed the written
16    submissions, having reviewed the comments and consider the
17    comments this morning, will grant this motion to
18    intervene, finding that the proposed intervenors have met
19    the factors required for intervention as of right, which
20    is -- or which are that, first, the motion is timely;
21    second, the proposed intervenors have a significantly
22    protectable interest.  The disposition of the action may
23    impair or impede the proposed intervenors' ability to
24    protect that interest.  And lastly, the proposed
25    intervenors' interest are not adequately represented by
```

 1    the other parties to this action.

 2          The Court further finds that intervention will not

 3    unduly delay or prejudice the adjudication of the original

 4    parties' rights and will, in fact, in this case promote

 5    judicial economy.

 6          The proposed intervenors are further entitled,

 7    alternatively, to permissive intervention because there is

 8    an independent basis for jurisdiction, the motion is

 9    timely, and there are common issues of law or fact which

10    exist between the proposed intervenors' claims and the

11    main action.

12          The Court, in granting this motion, makes no

13    ruling or determination with regards to any of the alleged

14    argument or assertions with regards to any possible

15    conflict of interest that may exist in this case; that if

16    there is a dispute with regard to that matter, the Court

17    should be provided with a complete record and an

18    appropriate motion to address any such conflict.

19          You prepare the order, Mr. Seitz.

20          MR. SEITZ:  I will.  Thank you.

21          MR. FITZGERALD:  Thank you very much.

22          THE COURT:  We'll be in recess.

23          MR. SEITZ:  Thank you, Your Honor.

24        (Recorded proceedings concluded at 9:44 a.m.)

25

1                    COURT TRANSCRIBER'S CERTIFICATE

2             I, Adrianne Ige Kurasaki, Per Diem Court Reporter,

3    United States District Court, District of Hawaii, do

4    hereby certify that the foregoing is a full, true, and

5    complete transcript from the official electronic sound

6    recording of proceedings in the above-entitled matter.

7             DATED at Honolulu, Hawaii, March 3, 2012.

8

9

10

11

12
                                    */s/ Adrianne Ige Kurasaki*
13                                  Adrianne Ige Kurasaki, CSR 388
                                    Registered Professional Reporter
14

15

16

17

18

19

20

21

22

23

24

25