IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANE DOE, individually and as Next Friend of JOHN ROE, a minor; RICHARD ROE 1, Individually and on behalf of JANE ROE 1, a minor; RICHARD ROE 2 AND MRS. RICHARD ROE 2, Individually and on behalf of JANE ROE 2, a minor; all Individually and on behalf of a class of persons similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>STATE OF HAWAII; SCOTT O'NEAL; SYDNEY DICKERSON; JOHN DOES 1-10; ENTITIES 1-10,<br><br>    Defendants.<br>_____ | CIVIL NO. 11-00550 KSC<br><br>ORDER APPROVING SETTLEMENT AND GRANTING MOTIONS FOR ATTORNEYS' FEES AND COSTS |

ORDER APPROVING SETTLEMENT AND GRANTING
MOTIONS FOR ATTORNEYS' FEES AND COSTS

On April 22, 2013, the Court held a hearing on the final approval of the settlement agreement, along with Plaintiffs' motions for attorneys' fees and costs. Neither the settlement nor the motions were opposed. Michael Green, Esq., Glenn Uesugi, Esq., and John Rapp, Esq., appeared on behalf of Plaintiffs; Eric Seitz,

Esq., appeared on behalf of Intervenor Plaintiffs and Third Party Defendant Roxsanne Tomita; Christopher Bouslog, Esq., appeared on behalf of Intervenor Plaintiff A.P.; Deputy Attorneys General John Molay and Dennis Ferm appeared on behalf of Defendant State of Hawaii; Jordon Kimura, Esq., appeared on behalf of Defendant Scott O'Neal; and Deputy Attorney General C. Bryan Fitzgerald appeared on behalf of Defendant Sydney Dickerson in her individual capacity.  Also present were Special Master/Claims Administrator Judge Riki May Amano and Interpreter Jan Fried.

## DISCUSSION

The parties request that the Court approve the settlement and Plaintiffs request attorneys' fees and costs as follows:  1) $209,424.00 in fees ($200,000 plus general excise tax) for each of Mr. Green, Mr. Uesugi, and Mr. Rapp; 2) $209,424.00 in fees for Mr. Seitz; 3) $104,712.00 in fees ($100,000.00 plus general excise tax); 4) $852.62 in costs for Mr. Green; 5) $35.00 in costs for Mr. Seitz; and 6) $3,477.78 in costs for Mr. Bouslog.  There being no objection to the

settlement or the motions, and after careful consideration of the foregoing and application of the relevant law, the Court HEREBY APPROVES the settlement and GRANTS the motions for attorneys' fees and costs.

A.  Settlement

Class action settlements must be approved by the court.  Fed. R. Civ. P. 23(e).  In approving a settlement, the court must "determine whether a proposed settlement is fundamentally fair, adequate, and reasonable."  Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003) (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)).  Factors to be considered in making such a determination include, but are not limited to:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Id. (citations omitted).  "To survive appellate review,

the district court must show it has explored comprehensively all factors." Hanlon, 150 F.3d at 1026 (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 434 (1968)). The relative degree of significance that the court attaches to any factor depends upon the nature of the claim(s), the type(s) of relief sought, and the unique facts and circumstances presented by a given case. Officers for Justice v. Civil Serv. Comm'n of City and County of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982). Thus, the court's scrutiny of the settlement "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." Id. District courts should not reach any ultimate conclusions on the contested issues of fact and law underlying the merits of the dispute. Id. "Ultimately, the district court's determination is nothing more than 'an amalgam of

4

delicate balancing, gross approximations and rough justice.'" Id. (citation omitted).

A higher standard of fairness is required for settlement approval that takes place prior to formal class certification. Hanlon, 150 F.3d at 1026. However, the court must not overlook the fact that "voluntary conciliation and settlement are the preferred means of dispute resolution." Officers for Justice, 688 F.2d at 625.

In the present case, the Court finds that the proposed settlement, taken as a whole, is fundamentally fair, adequate, and reasonable. The Court reaches this conclusion after exploring and considering all of the factors relevant to determining the fairness, adequacy, and reasonableness of the settlement, and after balancing these issues with the policy favoring settlement. Specifically, the Court makes the following findings: 1) because victory in litigation is never guaranteed, regardless of the strength of a plaintiff's case, resolution by settlement is

favorable; 2) the immediacy of recovery outweighs the risk of further litigation; 3) the settlement amount is reasonable under the circumstances; 4) Judge Amano's involvement as a special master and the preparation of reports by and recommendations of neutral experts greatly assisted mediation and settlement discussions and dispensed of the need for the parties to engage in significant and costly discovery; 5) collectively, counsel for all parties have extensive experience and the recommendations of Plaintiffs' counsel should be given a presumption of reasonableness; and 6) the lack of objections to the proposed settlement raises a strong presumption that the terms of the proposed settlement are favorable to the class members and militates in favor of approving the settlement.  There is absolutely no evidence or even a suggestion that the settlement is the product of fraud or overreaching by, or collusion between, the negotiating parties.  Indeed, Judge Amano was appointed in November 2011 and has been actively involved in the case and settlement

discussions since then.  Accordingly, the Court approves the settlement because it is fundamentally fair, adequate, and reasonable.

B.  Attorneys' Fees and Costs

Federal Rule of Civil Procedure ("FRCP") 23(h) authorizes an award of attorneys' fees and nontaxable costs in certified class actions, and provides:

> (h) Attorney's Fees and Nontaxable Costs. In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:
>
> (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
>
> (2) A class member, or a party from whom payment is sought, may object to the motion.
>
> (3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).
>
> (4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided

>     in Rule 54(d)(2)(D).

Fed. R. Civ. P. 23(h).  In common fund cases, courts have discretion to apply either the lodestar method or the percentage-of-the-fund method to determine attorneys' fees.  In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1295 (9th Cir. 1994).  "The common fund doctrine provides that a private plaintiff, or his attorney, whose efforts create, discover, increase[,] or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of . . . litigation, including attorneys' fees." Vincent v. Hughes Air West, Inc., 557 F.2d 759, 769 (9th Cir. 1977); see also Chun v. Bd. of Trs. of Employees' Ret. Sys. of Haw., 92 Hawai'i 432, 439, 992 P.2d 127, 134 (2000).  The doctrine is designed to prevent unjust enrichment by distributing the costs of litigation among those who benefit from the efforts of counsel and the litigants.  Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 271 (9th Cir. 1989). Regardless of whether the "fees come from a common fund

*or are otherwise paid*," the court must assure the amount of fees paid are fair and proper. Staton, 327 F.3d at 964 (emphasis in original); Zucker v. Occidental Petroleum Corp., 192 F.3d 1323, 1328 (9th Cir. 1999).

Under the percentage-of-recovery method, the court calculates the fee award by designating a percentage of the total common fund. Six Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990). The Ninth Circuit has established 25% as a benchmark. Hanlon, 150 F.3d at 1029; Paul, 886 F.2d at 272 (Twenty five percent is a proper benchmark figure in calculating attorneys' fees in common fund cases). This percentage may be adjusted up or down, as appropriate. Paul, 886 F.2d at 272. If an adjustment is warranted, the court must provide a reasonable explanation of both "why the benchmark is unreasonable under the circumstances" and "how it arrive[s] at the figure ultimately awarded." Id. at 272-73; Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002)

9

("The question is . . . whether in arriving at its percentage [the district court] considered all the circumstances of the case and reached a reasonable percentage."). The Ninth Circuit has set forth a number of factors which may be relevant to the district court's determination of the percentage ultimately awarded: 1) the results achieved; 2) the risk of litigation; 3) the skill required and quality of work; 4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and 5) awards made in similar cases. Vizcaino, 290 F.3d at 1048-50.

One method of ensuring reasonableness is to compare the amount of fees to be awarded through the percentage method with the amount of fees to be awarded through the lodestar method. See Fischel v. Equitable Life Assurance Soc'y of U.S., 307 F.3d 997, 1007 (9th Cir. 2002) ("Courts may compare the two methods of calculating attorney's fees in determining whether fees are reasonable."). The lodestar method "calculates the fee award by multiplying the number of hours reasonably

spent by a reasonable hourly rate and then enhancing that figure, if necessary, to account for the risks associated with the representation." Paul, 886 F.2d at 272. Multipliers of one to four are frequently awarded in common fund cases when the lodestar method is applied. Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 341 (3d Cir. 1998); Vizcaino, 290 F.3d at 1051 n.6 (describing appendix to opinion, finding a range of multipliers in common fund cases "of 0.6-19.6, with most (20 of 24, or 83%) from 1.0-4.0 and a bare majority (13 of 24, or 54%) in the 1.5-3.0 range").

      Here, the $900,000 request for attorneys' fees plus general excise tax is reasonable. The Court has considered the factors relevant in assessing the reasonableness of fee requests and finds they weigh in favor of granting the requested fee award. In particular, the Court finds that 1) Plaintiffs' counsel obtained a favorable result that benefits the class members; 2) if the case proceeded on its merits, there

would have been extensive motions practice and there is a risk that Plaintiffs would recover nothing, or less than the amount generated by the settlement fund; 3) together, Plaintiffs' counsel have extensive litigation experience and have litigated class actions and/or cases involving large groups of plaintiffs; 4) Plaintiffs' counsel assumed representation of Plaintiffs on a contingency-fee basis and advanced the costs of litigation, despite the risk that they would receive no compensation; and 5) the fee request represents 15.65% of the total settlement award, which is well below the 25% benchmark established by the Ninth Circuit, and well below the fee awards in the 30% range commonly awarded in common fund cases.  What is more, the Court has received no objections to the requested fees.

      Finally, the Court shall award costs to Plaintiffs' counsel as follows: 1) $852.56 to Mr. Green; 2) $3,477.78 to Mr. Bouslog; and 3) $35.00 to Mr. Seitz.  Attorneys may recover their reasonable

expenses that would typically be billed to paying clients in non-contingency matters.  <u>Harris v. Marhoefer</u>, 24 F.3d 16, 19 (9th Cir. 1994).  Plaintiffs have demonstrated that these costs were reasonably and necessarily incurred.

C.   <u>Additional Conditions</u>

At the recommendation of Judge Amano, and without objection by the parties, the Court imposes the following conditions to ensure the smooth and orderly administration of claims:  1) no attorneys' fees shall be paid from claimants' funds; 2) no claimants' funds shall be disbursed until final determinations have been made for all claims; 3) if there are insufficient funds to pay claimants in the amounts specified in the settlement agreement after claim determinations have been decided, Judge Amano shall have the discretion to determine the amounts for each tier level using a pro rata reduction notwithstanding the amounts specified in the settlement agreement; 4) all parties shall cooperate with Judge Amano with respect to the release

13

of documents and records necessary to evaluate claims; 5) all documents in support of claims shall be confidential and shall be disposed of at Judge Amano's discretion at the completion of the claims process; 6) all information provided by a claimant and/or a claimant's family, or on behalf of the same, shall be confidential and shall not be released to anyone outside the claims administration process without a court order; and 7) the Court shall retain jurisdiction to enforce the settlement agreement, including but not limited to the administration of claims.

Furthermore, Judge Amano shall provide monthly reports and progress reports every three months until the administration of the claims is completed.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY APPROVES the settlement in this case and GRANTS Plaintiffs' motions for attorneys' fees and costs. Doc. Nos. 123, 127, and 130.

      IT IS SO ORDERED.

      DATED:   Honolulu, Hawaii, April 22, 2013.



                                              Kevin S.C. Chang
                                              United States Magistrate Judge

Civil No. 11-00550 KSC; <u>Doe, et al. v. State of Hawaii, et al.</u>; ORDER APPROVING SETTLEMENT AND GRANTING MOTIONS FOR ATTORNEYS' FEES AND COSTS